UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Salem Logistics Distribution Services, LLC ) | Case No. 09-50505C-11 |
| Salem Logistics Management, LLC, and ) | Case No. 09-50504C-11 |
| Overbrook Holdings, LLC, ) | Case No. 09-50506C-11 |
| ) | |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR RELIEF FROM STAY

These matters came before the Court on June 17, 2009, for hearing on motions filed by High Point Bank and Trust Company in the Salem Logistics Distribution Services, LLC ("Salem Logistics") case and in the Overbrook Holdings, LLC ("Overbrook") case. Both motions were filed on May 9, 2009, and both motions request relief from the automatic stay regarding property located at the south side of Old Highway 52 in Pilot Mountain, Surry County, North Carolina (the "Property"). The Property is owned by Overbrook and is improved with a 337,900 square foot manufacturing and warehouse facility. Salem Logistics leases the Property from Overbrook and conducts all of its business enterprises at this location.

The basis for the motion in the Overbrook case is that the Property is single asset real estate (as defined by Section 101(51B)) and that Overbrook has failed to comply with Section 362(d)(3), which requires that relief from stay be granted for acts against single asset real estate unless, within the latest of (1) 90 days after the order for relief,[1] (2) such longer period as the court determines

---

[1] At least two courts have held that a Section 362(d)(3) motion is premature if it is filed within 90 days of the petition. See In re Hope Plantation Group, 393 B.R. 98, 102-103 (Bankr. D.S.C. 2007); In re National/Northway Ltd. Partnership, 279 B.R. 17, 22 (Bankr. D. Mass. 2002). In the cases before the Court, the motions were filed within 30 days of the petitions filed by Salem Logistics and Overbrook.

during the initial 90-day period, or (3) 30 days after the court determines that the debtor is subject to the single asset real estate provisions of Section 362(d)(3), the debtor files a reorganization plan that has a reasonable possibility of being confirmed within a reasonable time, or the debtor has commenced monthly payments equal to interest at the then applicable nondefault contract rate of interest on the value of the moving creditor's interest in the property.  11 U.S.C. § 362(d)(3).

Relief under Section 362(d)(3) is appropriate only if the real property at issue is single asset real estate as defined in Section 101(51B).  The Property is not owned by Salem Logistics, so Section 362(d)(3) cannot apply in that case.  The Court determined at the June 17, 2009 hearing that the Property is single asset real estate owned by Overbrook and that Overbrook is subject to Section 362(d)(3).  There having been no previous determination that the Property is single asset real estate, the deadline for Overbrook to comply with Section 362(d)(3) is thirty days after June 17, 2009, which is the latest of the deadlines contained in Section 362(d)(3).  See In re Kara Homes, Inc., 363 B.R. 399, 406 (Bankr. D.N.J. 2007); In re ACA Real Estate, LLC, No. 08-51055, slip op. at 2 (Bankr. M.D.N.C. Nov. 2, 2008) (Stocks, J.).  Accordingly, the motion for relief from stay in each case must be denied, without prejudice, since the time for Overbrook to comply with Section 362(d)(3) has not expired and will not expire until July 17, 2009.

IT IS SO ORDERED.